Brinkerhoff, J.
In an action for the recovery of real property, under the Code, it is not necessary for a defendant, relying on the statute of limitations, specially to set up the statute in his answer. Code, sec. 559.
The general act of limitatio|is embodied in title 2 of the Code of Civil Procedure, and which was in force when this action was commenced, provides (see. 4), that, “ This title shall not apply to actions already commenced, or to cases where the right of action has already accrued; but the statutes now in force shall be applicable to such cases, according to the subject of the action, and without regard to the form.” The Code of Civil Procedure took effect July 1, 1853, and an action accrued in favor of the then holder of the plaintiff’s title in April, 1836; and thus, in order to ascertain whether this action is barred or not, we are remitted to the statutes in force, immediately prior to and at the time of the taking effect of the Code, and which, in the seventh section, are repealed by it. Those acts, so far as they relate to the recovery of real property, are the act of February 18, 1831, “for the limitation of actions ” (3 Chase’s Stat. 1768), and the act of March 22, 1849, “ to give additional security to land titles in this State.” (47 O. L. 53).
The act of 1831, limited actions for the recovery of real property to twenty-one years; and, as possession of the land *445 in controversy had been held under the defendant’s tax title for only about seventeen years when this action was commenced, it is not barred by that act. But the act of 1849, “to give additional security to land titles,” etc., provides (sec. 2), “That no action of ejectment, or other action for the recovery of lands or tenements, shall be brought against any person claiming under or by virtue of any judicial sale, or any sale of forfeited or other lands for taxes, except within seven years after open and notorious possession taken and continued by the defendant, or the person or persons under whom he may or shall claim. . . . But all persons whose right of action shall or may have occurred \accruecC\ before the passage of this act, shall be at liberty to bring their actions at any time within five years after the passage of this act, although the term of seven years- hereinbefore limited may have previously expired. And if any person shall be an infant ox feme covert, or insane, or imprisoned, at the time of the adverse entry, he or she shall be entitled to bring his or her action any time within five years after his or her disability shall have been removed : Provided, that nothing herein contained shall, in any case, be construed to extend the time for bringing any action for the recovery of lands or tenements beyond the period limited in the second section of the act for the limitation of actions, passed February 18, 1831.”
An action in favor of the holder of the title under which the plaintiff in this case claims, having accrued prior to the passage of this act of1849, he was, by the terms of the act, entitled to the term of five years after its passage, in which to bring such action. But this particular action was not brought until eight days after the expiration of such five years, and is therefore clearly barred by lapse of time, under the provisions of this act of 1849, unless the circumstances disclosed in the agreed case, bring it within some saving clause or provision of the laws of limitation then in force.
The sixth section of the general act of 1831, “for the limitation of actions,” before referred to, and which, except so far as some of its provisions were repealed by implication by the provisions of the above mentioned act of 1849, re *446 mained in force concurrently with the said act of 1849, provides, “ that if, in any action commenced within the time limited by this act, judgment shall be arrested or reversed, or the suit abate, or the plaintiff become nonsuited, and the time limited as aforesaid shall have expired, the plaintiff may commence a new action within one year after such arrest or reversal of judgment, nonsuit or abatement of action as afore*said, and not after.” And the plaintiff -claims that, having commenced a new action within one year after nonsuit, this section of the general act of 1831 ■ saves him from the bar of the act of 1849.
Two questions here present themselves: First, as to the applicability of the saving provisions of the sixth section of the act of 1831, to cases otherwise governed by the act of 1849.
The ruling of this court in Haymaker v. Haymaker, 4 Ohio St. Rep. 272, is, it seems to us, conclusive of this question. In that case, the saving of the sixth section of the act of 1831, was construed to cover a case arising under the subsequent act providing for the settlement of the estates of deceased persons, in which, without any express saving clause, or any express reference to the saving provisions of the sixth section of the act of 1831, it is provided, that the claim of a creditor of a decedent’s estate, shall be barred unless suit be commenced within six months after the rejection of his claim by the executor or administrator.
The limitation act of 1831, and the act of 1849, relate more distinctly to the same subject matter, than do the act of 1831, and the act for the settlement of the estates of deceased persons; and we can conceive of no argument in favor of the construction adopted in Haymaker v. Haymaker, which will not apply, with at least equal force, in favor of a construction extending the saving provisions of the sixth section of the act of 1831, to cases arising under the second section of the act of 1849. On the authority of that case, then, we hold that the plaintiff, Wintermute, may avail himself of the saving provisions of the said sixth section, provided he, as a party, occupies such a relation to the case, as brings him within those provisions.
*447 The second question, then, is, Does he, as a party, come within its provisions ? Its language is, “ the plaintiff may commence a new action within one year ” after nonsuit.
The agreed statement of facts informs us that the plaintiff Wintermute, “ on the 26th day of December, 1851, commenced in the court of common pleas an ejectment for the premises in controversy against ■ the defendant, on the demise of John Wright, which demise, at the April term 1854, (April 10) was, on motion of the defendant for a rule on Wintermute to show by what authority he prosecuted the suit in the name of Wright, stricken out by the court, and the plaintiff nonsuited.”
The first action was ejectment. Wright, at the time of its commencement, was the holder of the legal title to the lands tn controversy, and his name was used by Wintermute, in that action, as lessor of the nominal plaintiff, John Doe. In ejectment the lessor of the fictitious plaintiff is always regarded as the real plaintiff in the action. Really, therefore, upon the face of the proceeding, Wright was the plaintiff in the former action, and Wintermute is the plaintiff in this. Nevertheless, inasmuch as Wintermute, at the time he caused proceedings in ejectment to be commenced, was the holder of the equitable title, derived from Wright, to the premises, though not the legal title, and as he actually did bring the suit, though in the name of Wright, some of the members of the court would be inclined to hold, if necessary, that there is such a substantial identity of parties plaintiff in the two suits, as would entitle the plaintiff here to the benefits of the saving. But, waiving this question, there is another ground on which, if we regard Wright as the real plaintiff in ■che former suit, we are all clear that Wintermute is entitled to the benefits of the saving provision referred to. Subsequently to the bringing of the ejectment, and prior to the commencement of this action, Wintermute received from Wright, through Stilwell, a conveyance of the legal title to these premises. He now stands, therefore, in immediate privity with Wright, and in the character of his grantee. *448 And the principle has already been established in this court that “ the grantee or heir of one protected from the operation of the statutory bar, is entitled to the full benefit of that protection, and may bring a suit within the same time, and to the same effect, as though no change of ownership had occurred, and the suit was prosecuted in the name and for the benefit of the original owner.” Ford v. Langel, 4 Ohio St. Rep. 464. It is true, the saving of the statute, in that case held applicable in favor of a.grantee, was that of ten years after the removal of a disability by coverture. But the same principle which holds the saving of ten years after disability removed to inure to a grantee, requires that the saving of one year after nonsuit should inure in like manner. And it seems to us that the principle thus established is right and reasonable. In the language of the court, in Thompson’s heirs v. Green, 4 Ohio St. Rep. 225, “ the statute does not spend its force upon shadows; it operates upon substantial interests; and, with the interest, carries all the remedies incident to the right.”
Either Wintermute or Wright must be regarded as the plaintiff in the action of ejectment. If Wintermute was the plaintiff there, then he is entitled to the saving of one year after nonsuit,' in his own right; if Wright was the plaintiff there, then Wintermute is entitled to it as the grantee of Wright.
A’contrary doctrine, to-wit, that “the proviso of a new action, as a saving to an infant, against the statute of limitations, is a personal protection, and the grantee or releasee of an infant has no right to set up the same,” is held in North Carolina; Williams v. Council, 4 Jones L. R. 206; but we prefer to follow what seems to us the more reasonable doctrine of our own court; for, unless the privileged party could transfer his remedy with his right, the privilege which the legislature intended- to grant would be materially diminished in value, and sometimes, from the force of circumstances, would be rendered nugatory altogether.
Judgment for plaintiff, and cause remanded to district *449 court, with leave to defendant to proceed in that court under the act for the relief of occupying claimants of land.
Scott, O.J., and Sutliee, Peck and Gholson, JJ., concurred.